SAMUEL, Judge.
Plaintiff, Joseph R. Veillon, individually and in his capacity as administrator of the estate of his minor son, instituted this suit for personal injuries and medical expenses sustained when the minor, John Veillon, ran into a sliding glass door in the home of the individual defendant. At the time of the incident the minor was 16 years old. After reaching 18, he was added as a party plaintiff. Hereinafter in this opinion he is referred to as plaintiff.
*478 Named defendants are the homeowner, individually and in his capacity as administrator of the estate of his minor daughter, and his insurer, State Farm Fire & Casualty Insurance Company. Following trial to a jury, the individual defendant was found negligent but his negligence was found not to be a proximate cause of the accident. In accordance with that verdict, the trial court dismissed the suit. Joseph Veillon has appealed.
The record establishes the following facts: On January 1, 1978, the homeowner, an airline pilot, left to fly a trip to California. In spite of his instructions never to have anyone in the home when he was away, his 15 year old daughter invited a group of friends over for the evening. The get-together consisted of about five boys, at least two of whom were 18 years of age, and three girls. They were playing guitars and drinking beer. Some of them, including the plaintiff, also drank whiskey. The partying started in late afternoon or early evening of New Years day and the accident occurred about 1 a.m. the following morning.
The party principally took place in a dining room-den area which was separated from a garden room by a sliding glass door. A large Christmas tree in the garden room partially blocked the glass door and, in order to get from the garden room to the dining room-den, it was necessary to go around the tree. Earlier in the evening the glass door had been open, but it had been closed by one of the guests when he tried to engage in conversation with another guest and could not hear because of the loud music. Plaintiff was aware of the house floor plan insofar as the accident site was concerned. He also was aware of the glass door itself; he admitted he had passed through that door several times prior to the accident.
Plaintiff testified: Shortly before the accident, plaintiff and another guest, a boy named Pezzeck, were “horse-playing” and playfully pushing each other. After he had pushed Pezzeck down, with Pezzeck chasing him, plaintiff ran out of the dining room-den, into a hallway, through a bed room, back into the hallway and into the garden room. Then, in an attempt to reenter the dining room-den, he ran around the Christmas tree into the then closed glass door. As he was running around the tree he looked over his shoulder to see if young Pezzeck was still chasing him, and he turned to look forward just as he ran into the glass door. The door shattered and plaintiff was taken to a hospital where he was treated for several injuries, particularly to his face.
In this court appellant contends the jury erred in: (1) failing to find that the homeowner’s negligence was a proximate cause of plaintiff’s injuries; (2) failing to find intervening or superseding causes may have resulted in plaintiff’s injuries; and (3) in finding plaintiff son was contributorily negligent or had assumed a known risk giving rise to his injuries.
Because we conclude plaintiff was guilty of negligence, contributory or otherwise, which bars a recovery by either of the two plaintiffs,[1] we find it necessary to consider only the third contention.
Our finding of negligence on the part of the plaintiff is based upon the fact that, as stated above, while continuing to run he looked back over his shoulder to see if the other boy was still chasing him and turned to look forward just as he ran into the glass door. We are satisfied that under all of the circumstances here plaintiff would have run into the glass door even if it had contained decals, masking tape or similar devices to indicate the door was closed. Indeed, it appears he would have run into the door even if it had been made of wood instead of glass. Plaintiff’s negligence was the sole proximate cause, or sole cause in fact, of the accident. Even assuming negligence on the part of the individual defendant, as the jury found, and further even assuming such *479 defendant negligence was a proximate cause of the accident, which the jury correctly refused to find, plaintiff’s contributory negligence would prevent any recovery.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. The accident occurred (January 1, 1978) prior to the effective date (August 1, 1980) of Act 431 of 1979 which amended and reenacted Civil Code Article 2323 and changed our long existing law of contributory negligence to that of comparative negligence.